MANN, Chief Judge
(dissenting).
This appeal was taken from summary denial without evidentiary hearing of a petition for post conviction relief. Weeks 'states that at the time he was advised by the public defender to plead guilty to some of the charges against him, he was not advised that he had an absolute right to discharge under CrPR 3.191. In Tillman we considered the adequacy of the record which was before us on direct appeal. On that record the guilty plea was sufficiently supported. This case presents solely the *428 question of the adequacy of a charge of ineffective assistance of counsel. Bankston is inapposite in this connection. That was a case in which a charge against counsel was directed toward tactical decisions at trial. At the very minimum, Weeks is entitled to an evidentiary hearing on his claim that he was deprived of his rights under the Sixth Amendment to the Constitution of the United States. The record before us does not refute this claim, and that is the only circumstance upon which a petition filed under CrPR 3.8S0 may be summarily denied without evidentiary hearing.